IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: WARREN ARSAD  :  MISCELLANEOUS
: NO. 07-mc-040

## MEMORANDUM AND ORDER

Petitioner has filed a petition in this Court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2255, in which he challenges his **_state_** sentence and his continued **_state_** custody. By its own terms, 28 U.S.C. §2255 relates solely to attacks on a **_federal_** conviction and/or sentence, and whereas petitioner has not been convicted or sentenced in this court, this matter could not be opened in this court (pursuant to the rules of this court) as a 28 U.S.C. §2255 petition. The Clerk of this Court therefore properly had this matter opened as a Miscellaneous case.

28 U.S.C. §2254, by its own terms, involves any constitutional attack on state custody which is filed after the imposition of a state conviction, and not just attacks on a state conviction or sentence. This petition seeks the type of relief that is only available pursuant to 28 U.S.C. §2254, and not pursuant to 28 U.S.C. §2241.[1] This court may not re-characterize a document as a 28 U.S.C. §2254 petition without first:[2]

1. notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; **_and_**,

2. warning the petitioner of all of the ramifications of 28 U.S.C. §2244, such as the statute of limitations in 28 U.S.C. §2254 cases, as well as the second or successive rule, which generally forbids a prisoner from filing more than one 28 U.S.C. §2254 petition; **_and_**,

---

[1] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[2] Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

    3.    getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; **_and_**,

    4.    informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid recharacterization, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2254 form, prescribed by this court, effective December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the _strict_ and _short_ statute of limitations that exists for filing a 28 U.S.C. §2254 petition); and <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) (which relates to the _strict_ restrictions on filing a second or successive 28 U.S.C. §2254 petition) (these specific <u>Thomas</u> and  <u>Mason</u> warnings are contained in the introductory text of this court's  aforesaid current standard §2254 form).  Whereas all district courts within the Third Circuit are required to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

    Accordingly, this                            Day of April, 2007, it is hereby

**ORDERED** as follows:

    1.    The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254

    (bearing the above-captioned civil action number).

2.    Petitioner shall notify this court within thirty (30) days whether he consents to the re-characterization of 07-mc-040 as a 28 U.S.C. §2254 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court; at that point, 07-mc-040 shall be re-characterized as a civil action filed pursuant to 28 U.S.C. §2254, which will be deemed for purposes of the statute of limitations as having been filed on March 9, 2007.

3.    Petitioner is formally placed on notice that if he insists that 07-mc-040 proceed as a 28 U.S.C. §2255 petition, that 07-mc-040 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2255.

4.    Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 07-mc-040 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2255.

    **S/ RONALD L. BUCKWALTER**
    **RONALD L. BUCKWALTER, U.S. District Judge**